## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Michael C. Wease

June 15, 1998

Case No. CR. 11381

BY JUDGE THOMAS D. HORNE

This case came before the Court on the Motion to Suppress filed by the defendant, Michael C. Wease. The defendant asserts that certain statements made before the committing magistrate were taken in violation of his rights under Article I, section 8, of the Virginia Constitution and the Fifth Amendment of the United States Constitution, as made applicable to the states by the Fourteenth Amendment. In addition, he challenges the admissibility of such statements before the magistrate based upon his denial of his right of cross-examination guaranteed by the Virginia and United States Constitutions. Such denial is predicated upon the Virginia statute which renders the magistrate incompetent to testify as to the statements under consideration.

Counsel have called the Court's attention to numerous authorities in support of their respective positions. Among those authorities relied upon by the defendant are the provisions of § 19.2-270, Code of Virginia, and of the cases which have served to limit the scope of its application.

In the instant case, the evidence shows that the defendant was taken before a magistrate after being charged with operating a motor vehicle while under the influence of alcohol. The defendant was placed under oath by the magistrate and questioned by the magistrate as to how much he had to drink. The defendant responded by informing the magistrate that he had consumed eight beers that evening. Although the magistrate is incompetent so testify as to the conversation with the defendant, the Commonwealth seeks to have a

deputy who was present relate the contents of the magistrate's question and the defendant's response.

The question was asked by the magistrate in connection with his consideration of bond or of the pre-trial release of the defendant. §§ 19.2-120, 19.2-123, Code of Virginia. No *Miranda* warnings were given by the arresting officer or the magistrate. It is conceded that the defendant was in custody at the time the question was asked.

Central to a determination of the issue is whether the questioning by the magistrate was an "interrogation" implicating *Miranda*. While the magistrate was under a statutory obligation to determine the issue of the pre-trial release of the defendant, this is not the type of question normally attendant to arrest and custody. *See, Wright v. Commonwealth*, 2 Va. App. 743, 746 (1986). The question posited was specific to the offense, potentially incriminating, and not universally applicable to all bond determinations. Accordingly, while the statement must be suppressed as to the Commonwealth's case in chief, as violative of the defendant's constitutionally-protected rights, neither the Constitution nor the provisions of § 19.2-270, Code of Virginia, may, under certain circumstances, preclude its use on cross-examination or in rebuttal.

The Court does not find the statement should be suppressed based upon any denial of the right of the defendant to cross-examination.